In the Matter of the Application for Discovery and Delivery of Assets of the Estate of ALTA WEST SALISBURY, Deceased, by WILLIAM A. SALISBURY, Individually and as Executor of Her Last Will and Testament, Appellant; ELIZABETH G. BROOKS, as Trustee, etc., Respondent, and Another.* — Decree and order of the Surrogate's Court of Westchester county affirmed, with costs payable out of the estate, on the ground that the terms of the will provided that each " during his or her life, shall remain the owner of his or her property with all ownership rights * * *," with limitation only on disposition by other will or codicil; and that the testatrix in making the gifts acted in good faith under the advice of counsel and without any deliberate and fraudulent purpose to defeat the will.    Further, there are no equities in favor of the appellant.    It appears that he had no property at the time the joint mutual will was made, that the wife was suffering from a fatal disease, and that when he persuaded or constrained her to convey the residence property so that the parties were tenants by the entirety and to execute the will it was morally certain that he would be the survivor and stood solely as the one to benefit by the arrangement.    It would have been a simple matter to provide in the will that ownership of individual property should be limited to ordinary use and the avails and income were to be used only for current expense, and that no gift of property thereafter should be valid.    This was not done, so we construe the will to speak of the disposition of property owned by the testatrix at the time of her death, without restraint on her right to make gifts to her own relatives during her lifetime.    In that respect the will differs from those referred to in authorities cited in the dissent, and we hold that the well-recognized doctrine there stated is not applicable in this case.    As the case was submitted to the jury with the acquiescence of the counsel for the executor, we think no question of fact survives.    The question is solely one of law as to the right of the testatrix to make a gift under a construction of the language of the will.    Kapper, Tompkins and Davis, JJ., concur; Lazansky, P. J., and Carswell, J., dissent and vote for reversal and a new trial on the ground that there was a question of fact for the jury: Were the transfers of property made for the purpose of evading the obligations of the joint will?    (Eaton v. Eaton, 233 Mass. 351; 40 Cyc, 1068, subd. 4; Halsbury's Laws of England, vol. 28, p. 514, § 1025; vol. 25, p. 543; Gregor v. Kemp, 3 Swanst. 404; 36 Eng. Reprint, 926.)

FRANK KELLY, Respondent, v. STANDARD OIL COMPANY OF NEW YORK, Appellant.— Judgment and order unanimously affirmed, with costs.    No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

MABELLE B. KELLY, Respondent, v. STANDARD OIL COMPANY OF NEW YORK, Appellant.— Judgment and order unanimously affirmed, with costs.    No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

GEORGE F. KIMMERER, as Receiver of All the Property, etc., of JOSEPH O'CONNOR, SR., and Another, Respondents, v. JOSEPH W. O'CONNOR and Others, Appellants, and UNITED STATES TRUCKING CORPORATION, Defendant.— Order restraining the defendants from effectuating the lump settlement upon the basis of the existing allocation affirmed, without costs.    The court, realizing the necessity of proving the fraud alleged by satisfactory evidence of the alleged conspiracy, expresses no opinion upon the merits of this litigation.    The mere allocation of a lump settlement among several litigants according to their own desires and to their own satisfaction will not prove fraud or conspiracy even though there would seem

* Affd., 265 N. Y. 536.